# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FREDDIE ROBERTSON**
        Petitioner,

   v.                                **Case No. 09-C-0797**
                                      **(Criminal Case No. 06-CR-301)**

**UNITED STATES OF AMERICA**
        Respondent.

## ORDER

Petitioner Freddie Robertson moved to vacate his sentence under 28 U.S.C. § 2255, but I denied the motion summarily pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. The Clerk entered judgment on August 27, 2009. Before me now is petitioner's September 10, 2009 motion to reconsider the denial.

### I. BACKGROUND

**A.    Original Proceeding**

Based on information from a confidential informant that petitioner possessed a pistol and dealt cocaine out of his home, police obtained a search warrant, pursuant to which they seized drug paraphernalia, large amounts of crack and powder cocaine, a small amount of marijuana, and about $25,000 cash. Petitioner returned home during the search but fled when he saw the police. Officers pursued, arrested petitioner and found a loaded gun in his car.

Petitioner subsequently pleaded guilty to possession of 50 grams or more of crack cocaine with intent to distribute, 21 U.S.C. §§ 841(a)(1) & (b)(1)(A), and possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c), and I sentenced him to 120

months on the drug count and 60 months consecutive of the gun count. Petitioner filed a notice of appeal, but his counsel, unable to discern any non-frivolous arguments, moved to withdraw. The Seventh Circuit agreed that the appeal was frivolous and dismissed it. United States v. Robertson, 299 Fed. Appx. 581 (7th Cir. 2008).

**B.     2255 Proceeding**

In his § 2255 motion, petitioner alleged that his lawyer provided ineffective assistance of counsel in three respects. First, he argued that his lawyer failed to challenge the government's decision to charge him with possessing crack rather than powder cocaine, resulting in a longer sentence. I rejected the claim, noting that petitioner admitted as part of his guilty plea that he possessed crack cocaine (Plea Agreement ¶ 5) and that he failed to explain how his counsel could have forced the government to proceed under a different statutory provision. See Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978) ("In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.").

Second, petitioner argued that his lawyer told him that any possession of a firearm during an arrest in conjunction with any controlled substance possession violated § 924(c). He also claimed that the gun he possessed had no nexus to controlled substances, and that he had no drugs on him at the time of his arrest. I also rejected this claim, finding that petitioner was properly advised of the elements of the § 924(c) count as part of his plea (Plea Agreement ¶ 9), and that the facts set forth in the plea agreement establish that he possessed the gun for protection in dealing drugs (Plea Agreement ¶ 5), creating a sufficient nexus between the gun and the underlying drug trafficking offense. See United States v. Castillo, 406 F.3d 806, 814-

15 (7th Cir. 2005). Because petitioner acknowledged during the plea colloquy that he had reviewed the plea agreement, including the provision setting forth the elements, that he understood the charges against him, and that he was pleading guilty voluntarily, and the record disclosed an adequate factual basis (Plea Hr'g Tr. at 3-4, 6), I concluded that his claim based on counsel's alleged statements failed. Courts have consistently rejected ineffective assistance claims based on allegedly erroneous or otherwise misleading advise from counsel later corrected during the plea process. See, e.g., United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005). Moreover, petitioner did not even allege, much less present any objective evidence demonstrating, that had his lawyer advised him differently he would not have pleaded guilty and instead insisted on going to trial. See United States v. Arvanitis, 902 F.2d 489, 494 (7th Cir. 1990).

Third, petitioner claimed that his appellate counsel provided ineffective assistance by failing to raise the first two issues. Because claims one and two lacked merit, I found that counsel did not provide ineffective assistance in failing to raise them on appeal.

Petitioner now seeks reconsideration of the denial of his motion, particularly regarding the first claim for relief. I must first characterize the motion.

## II. CHARACTERIZATION OF MOTION

Because § 2555 generally permits a federal prisoner just one round of collateral review, strictly limiting successive motions, I must first determine whether I have jurisdiction to consider petitioner's pleading. The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. See, e.g., Figueroa v. American Bankers Ins. Co. of Florida, 517 F. Supp. 2d 1266, 1270 (D. Colo. 2006). However, Rule 59 provides a vehicle for altering or amending a judgment, requiring that such motions be filed no later than 10 days after the entry of judgment.

3

Fed. R. Civ. P. 59(e). Motions seeking relief from a judgment filed more than 10 days after entry of judgment fall under Fed. R. Civ. P. 60. Generally, motions under Rule 59 are not subject to the restriction on second or successive collateral attacks, while motions under Rule 60 are. See Curry v. United States, 307 F.3d 664, 665-66 (7th Cir. 2002). Petitioner's motion, filed within 10 days of the entry of judgment, falls under Rule 59 and thus need not be dismissed as a second or successive collateral attack. See id.

### III. DISCUSSION

#### A. Rule 59 Standard

A party seeking to alter or amend a judgment pursuant to Rule 59(e) generally must demonstrate newly discovered evidence, an intervening change in the controlling law or a manifest error of law. See, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998); Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996). Rule 59(e) motions are not vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. Moro, 91 F.3d at 876. Rather, the purpose of the rule is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." Charles v. Daley, 799 F.2d 343, 348 (7th Cir. 1986).

#### B. Analysis

In the instant motion, petitioner argues that the court inadvertently misapplied or failed to recognize controlling precedent regarding the prosecutor's charging decision. Petitioner repeats the quote from Bordenkircher about prosecutorial discretion, set forth above, but notes that the case also states that such decisions may not be "deliberately based upon an

4

unjustifiable standard such as race, religion, or other arbitrary classification." Bordenkircher, 434 U.S. at 364 (internal quote marks omitted). He contends that crack and power cocaine are, scientifically, the same substance, and that in his case something other than scientific proof must have tipped the scale and caused the prosecutor to charge crack rather than powder. (Motion to Reconsider at 1.) Since the charging decision could not have been based on scientific proof, it is only logical, petitioner continues, to conclude that it was motivated by race or other arbitrary classification. (Id. at 2.)

Petitioner did not, in his original § 2255 motion, argue that his lawyer should have challenged the charging decision as racially discriminatory, and Rule 59 may not be used to advance new theories. In any event, petitioner presents no evidence and makes no plausible argument that the prosecutor based the charges on race. See United States v. Armstrong, 517 U.S. 456, 465 (1996) ("In order to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present clear evidence to the contrary.") (internal quote marks omitted). Petitioner's lawyer did not provide ineffective assistance in failing to raise this issue, and there is accordingly no basis for altering or amending the judgment.

## IV. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's motion (R. 4) is **DENIED**.

Dated at Milwaukee, Wisconsin this 12th day of September, 2009.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

5